FILED
U.S. District Court
District of Kansas
03/03/2026
Clerk, U.S. District Court
By: __MV__ Deputy Clerk

# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.

**RYAN BRUNGARDT,**

        **Defendant.**

**FILED UNDER SEAL**

**CASE NO.** 26-6059-01-BGS

## CRIMINAL COMPLAINT

**THE UNITED STATES ATTORNEY CHARGES**:

### COUNT 1

**Sexual Exploitation of a Child – Production of Child Pornography**
**[18 U.S.C. § 2251(a)]**

On or about January 13, 2024, in the District of Kansas, the defendant,

**RYAN BRUNGARDT,**

used, persuaded, induced, enticed and coerced a minor, Minor Victim 1 (a minor whose identity is known to law enforcement), to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, and knowing and having reason to know that such

visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and that visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed.

In violation of Title 18, United States Code, Section 2251(a) and (e).

## COUNT 2

### Sexual Exploitation of a Child – Production of Child Pornography
### [18 U.S.C. § 2251(a)]

On or about January 13, 2024, in the District of Kansas, the defendant,

### RYAN BRUNGARDT,

used, persuaded, induced, enticed and coerced a minor, Minor Victim 2 (a minor whose identity is known to law enforcement), to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, and knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and that visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depiction has actually been transported and

transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed.

In violation of Title 18, United States Code, Section 2251(a) and (e).

## COUNT 3

**Sexual Exploitation of a Child – Attempted Production of Child Pornography**
**[18 U.S.C. § 2251(a)]**

On or about January 13, 2024, in the District of Kansas, the defendant,

## RYAN BRUNGARDT,

did employ, use, persuade, induce, entice, and coerce, and did attempt to employ, use, persuade, induce, entice, and coerce Minor Victim 3 (a minor whose identity is known to the Grand Jury), to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, and knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and that visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed.

In violation of Title 18, United States Code, Section 2251(a) and (e).

I further state that I am a Special Agent with the Kansas Bureau of Investigation (KBI), that this Complaint is based on the following facts:

See accompanying Affidavit, which is incorporated by reference as though set out in full herein and offered in support of a finding that probable cause exists to believe the defendant, **RYAN BRUNGARDT**, committed the offenses set forth in this Complaint.

_____
KYLE APPLEGARTH
Special Agent, KBI

Sworn to me via Zoom on this  3rd   day of March, 2026.

After reviewing this Complaint and the accompanying Affidavit, there is probable cause to believe that defendant, RYAN BRUNGARDT, committed the offenses set forth in this Complaint.

_____
HONORABLE BROOKS G. SEVERSON
United States Magistrate
District of Kansas

## PENALTIES

**Counts 1-3: Production/Attempted Production of Child Pornography**

- Punishable by a term of imprisonment of not less than fifteen (15) years but not more than thirty (30) years. If such person has a prior conviction under section 1591, chapter 71, chapter 109A, chapter 110, chapter 117, or section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the term of imprisonment shall be for not less than twenty-five (25) years nor more than fifty (50) years. If such person has two or more prior convictions under chapter 71, chapter 109A, chapter 110, chapter 117, or section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to sexual exploitation of children, the term of imprisonment shall be for not less than thirty-five (35) years nor more than life. 18 U.S.C. § 2251(e).

- A term of supervised release of not less than five (5) years and up to life.  18 U.S.C. § 3583(k).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- A mandatory special assessment of $5,000.00 if defendant is a non-indigent person.  18 U.S.C. §3014(a)(3).

- An additional assessment of not more than $50,000.00.  18 U.S.C. §2259A(a)(3).

# AFFIDAVIT

I, Kyle Applegarth, am a Senior Special Agent with the Kansas Bureau of Investigation ("KBI") and have been so employed since January 2020. I also serve as a Task Force Officer with the United States Secret Service ("USSS") and have done so since January 2025. This criminal complaint is based on the following facts which were obtained from other duly sworn law enforcement officers based on their observations and interviews:

1. On 01/23/2024, law enforcement was contacted by Winfield High School Principal, referencing an incident that occurred at Newton High School (NHS) during the Tournament Of Champions (TOC) wrestling tournament held between 01/10/2024 and 01/13/2024. The principal told law enforcement that three minor children reported they were in the locker room taking a shower when an adult male coach from Salina Central, identified as RYAN BRUNGARDT (BRUNGARDT), entered the locker room. The minor children reported that they suspected BRUNGARDT was filming them while they were naked and showering.

2. Law Enforcement contacted the NHS Athletic Director who had also been notified of the situation by the Winfield HS Athletic Director. The NHS Athletic Director told law enforcement he had located video footage of BRUNGARDT entering the boy's locker room 5 times in a 45 minute period. The NHS Athletic Director told law enforcement one of the times BRUNGARDT exited the locker room, he saw him looking at his cell phone. The NHS Athletic Director stated that struck him as odd, especially based on what was reported to him by the Winfield Athletic Director. The NHS Athletic Director also said he noticed BRUNGARDT would remain in the boy's locker room for approximately 2 minutes before exiting.

3. The NHS Athletic Director said he also saw Brungardt enter the girl's locker room and exit after approximately 30 seconds. The NHS Athletic Director explained the boys would utilize the girl's locker room as well to change and shower since there were not females wrestling

on those days. The NHS Athletic Director said he was pretty sure there was no one in the girl's locker room at the time Brungardt entered. The NHS Athletic Director told law enforcement he had preserved a section of surveillance video.

4. Law enforcement interviewed some of the minor victims. Each victim stated that BRUNGARDT would hold his phone in an odd manner while ostensibly using the urinal. BRUNGARDT also kept the camera pointing at the minor victims with his phone under his arm or in his back pocket. The minor victims also reported that BRUNGARDT paced around the locker room and appeared to be looking at them and filming them. The minor victims found this odd and concerning. In talking with other minors present at the event, they found that BRUNGARDT was acting in this manner with others. As such, the minors reported it to their coach.

5. On 01/26/2024, law enforcement reviewed the saved camera footage from NHS, recorded on January 13th, 2024, and observed BRUNGARDT enter the locker room 7 times between 3pm and 4pm.

6. On 01/29/2024, law enforcement went to BRUNGARDT's place of employment, Lakewood Middle School, in Salina KS to seize a black/dark color cell phone and smart watch observed on the videos from BRUNGARDT. While law enforcement was interviewing BRUNGARDT, he forcibly took the cell phone from law enforcement officers and began breaking it. Law enforcement attempted to gain control of BRUNGARDT and get the phone back from him. BRUNGARDT continued to resist. BRUNGARDT was in the process of breaking his cell phone, potentially to dispose of evidence. During the altercation, the lithium-Ion battery inside of the phone was punctured and started a fire in the office, resulting in the evacuation of the middle school. BRUNGARDT's phone was a Samsung model cell phone and was not manufactured in the State of Kansas. BRUNGARDT was successfully placed into restraints and escorted out of the school.

7. The broken cellular phone was seized and a warrant was obtained. The phone was transferred to the Kansas Bureau of Investigation for potential forensic extraction. Upon initial review of the device, it was determined to send the device to the Heart of America Regional Computer Forensic Lab in Kansas City (HARCFL) for attempted extraction. Having been broken in half the device was significantly damaged. The device was delivered to HARCFL on February 9, 2024.

8. On 02/26/2026, law enforcement was provided the completed cell phone extraction. On 02/27/2026 law enforcement began to review the extracted data. During that review, several videos were noted and appeared to show minor children under the age of 18, fully nude in the locker room showers within NHS. One specific video designated by its MD5 hash value of E9A06298F476E9CA650579438D186CA3, clearly depicted 3 such minor victims.

9. The minor victims (Minor Victim 1, Minor Victim 2 and Minor Victim 3) were visually identified by law enforcement via team photos from the event, driver's license photos and publicly available social media post. Minor Victim 1, Minor Victim 2 and Minor Victim 3 were observed showering within the NHS locker room. This specific shower area had three pillars with shower heads in a row. The three juveniles were utilizing the center shower pillar while being filmed.

10. Minor Victim 1 and Minor Victim 2 are clearly seen in a state of full-frontal nudity. Minor Victim 3 is partially obstructed by a set of towels hanging on the first pillar showers; however, you can clearly see Minor Victim 3's face and upper torso. The video is 5 seconds long. The minor victims are shown throughout the near entirety of the video. The video was shown to be wholly consistent with the previous reports from the minor victims.

11. The locker room was identified as the NHS boy's locker room by local law enforcement. In summary, the minor victims reported being recorded while showering by BRUNGARDT, who they knew to be the Salina Central wrestling coach, during the Tournament of Champions (TOC) in Newton KS on 01/13/2024. Upon the attempt by law enforcement to seize the cellular phone in question, BRUNGARDT intentionally attempted to destroy the device.

Based on the foregoing facts, there is probable cause to find that on or about January 13, 2024, Ryan BRUNGARDT, has engaged in violations of 18 U.S.C. §2251(a), Production and Attempted Production of Child Pornography..

Kyle Applegarth, Task Force Officer
United States Secret Service

Subscribed and sworn to me via Zoom this  3rd  day of March 2026

HONORABLE BROOKS SEVERSON
United States Magistrate Judge

4